UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

RHODA PACKER, AS EXECUTRIX OF )
THE ESTATE OF ARCHIE PACKER, )
   Plaintiff, )
)
v. )  **COMPLAINT & JURY DEMAND**
)
REGISTER & GRILLE )
MANUFACTURING CO., INC., )
   Defendant. )
)

04 10600 PBS

MAGISTRATE JUDGE Bowler

RECEIPT # 54828
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. T.O.M
DATE 3/29/04

## PARTIES

1. Archie Packer is a deceased individual who resided and did business as Ropack Printing Company ("Ropack") at the address of 37 Thatcher Street, Westwood, Massachusetts. The Plaintiff, Rhoda Packer, as Executrix of the Estate of Archie Packer, resides in Needham, Massachusetts.

2. On information and belief, the Defendant, Register & Grille Manufacturing Co., Inc. ("R&G") is a foreign corporation with business address of 202 Norman Avenue, Brooklyn, New York 11222.

## FACTS

3. For several years, Ropak and R&G had an ongoing contractual relationship whereby Ropak provided advertising and printing services in exchange for monetary compensation.

4. R&G had a practice of paying Ropack's invoices by forwarding a sequence of post-dated checks, many of which were later returned for insufficient funds. In some cases, replacement checks also "bounced." In addition to paying with corporate checks, R&G also utilized personal checks and credit cards.

5.      From the period continuing from on or about September 15, 2001 until on or about December 20, 2003, pursuant to the parties' agreement and the services which Ropak provided to R&G, Ropak delivered to R&G eight (8) invoices totaling $121,737.38, which remain partially -- or in most case wholly -- unpaid. True and accurate copies of these eight (8) open invoices are attached hereto and incorporated herein as **Exhibit 1**.

6.      To date, R&G has made payment toward these invoices in an amount totaling only $33,800.00. In addition, there have been fees incurred because of the insufficiency of R&G's funds to cover its checks. Exclusive of those fees, the principal amount of the balance R&G owes to Ropak totals $87,937.38.

7.      With respect to Invoice No. 5028 dated September 15, 2001 in the amount of $28,500.00, R&G tendered thirteen (13) checks each in the amount of $2,850.00. Because five (5) of these checks, including two (2) replacement checks, were returned for insufficient funds, R&G has paid only $22,800.00 toward the $28,500.00.

8.      With respect to Invoice No. 5900 dated October 25, 2002 in the amount of $35,000.00, R&G tendered has tendered one (1) check totaling only $1,000.00 (less than 3% of the amount due).

9.      With respect to the other six (6) open invoices included in **Exhibit 1**, R&G has made no payment whatever, except for a check drawn on the personal account of Dianne Kavanaugh dated September 10, 2002 in the amount of $10,000.00, which appears to be a general deposit for printing services. Even accounting for this amount, the principal amount of the balance R&G owes to Ropak totals $87,937.38.

10.     Pursuant to the agreement of the parties, and as expressly stated on the invoices, monthly interest charges of one and one-half percent (1 ½ %) would be added to any past due balances which remained unpaid after forty-five (45) days.

11. On or about June 23, 2003, Plaintiff's counsel forwarded correspondence to R&G requesting its attention to the substantial unpaid balance it owed to Ropak. A true and accurate copy of this correspondence, including enclosures, is attached hereto and incorporated herein as **Exhibit 2**.

12. In the more than nine (9) months since R&G received the **Exhibit 2** correspondence, R&G has remitted no amount toward its remaining contract balance, nor has it forwarded any substantive correspondence indicating its accounting of the proper amount due, despite repeated requests by Plaintiff's counsel.

## COUNT I - BREACH OF CONTRACT

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12.

14. Ropack fulfilled its obligations under the agreement between the parties.

15. R&G has breached the agreement by, *inter alia*, failing, refusing, and neglecting to make timely payments.

16. Plaintiff has made due and proper demand for R&G to honor its contractual obligations, but R&G has failed, refused, and neglected to do so.

17. As a direct and proximate result of R&G's breach of contract, Ropack incurred substantial and continuing damages, including but not limited to those damages referenced in Paragraphs 5 through 10 above.

## COUNT II - BREACH OF IMPLIED CONTRACT

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17.

19. Ropack undertook in good faith to complete the advertising and printing services referenced on the unpaid invoices.

20.     Ropack expended significant resources, with a reasonable expectation that R&G would compensate Ropack.

21.     R&G, having reason to believe that Ropack was acting on such expectation, permitted Ropack to expend the resources referenced above without objection.

22.     Therefore, Ropack had a contract implied-in-fact with R&G.

23.     As a direct and proximate result of R&G's breach of implied contract, Ropack has incurred substantial and continuing damages, including but not limited to those damages referenced in Paragraphs 5 through 10 above.

## COUNT III - UNJUST ENRICHMENT (QUANTUM MERUIT)

24.     Plaintiff hereby incorporates by reference paragraphs 1 through 23.

25.     R&G has been unjustly enriched by Ropack's furnishing of advertising and printing services, but has not adequately compensated Plaintiff.

26.     As a direct and proximate result of R&G's unjust enrichment, Ropack incurred substantial and continuing damages, including but not limited to those damages referenced in Paragraphs 5 through 10 above.

27.     Equity and good conscience require judgment against R&G in an amount to be determined at Trial.

## COUNT IV - ACCOUNT STATED

28.     Plaintiff hereby incorporates by reference paragraphs 1 through 27.

29.     At all times relevant hereto, R&G had an account with Ropack in connection with Ropack's furnishing of advertising and printing services.

30. The invoices, attached hereto and incorporated herein as **Exhibit 1**, constitute a statement of R&G's account with Ropack.

31. R&G has failed to object to this account stated within a reasonable time period.

32. R&G assents to the account stated in the amount reflected in **Exhibit 1** and referenced in Paragraphs 5 through 10 above.

## COUNT V - UNFAIR TRADE ACTS

33. Plaintiff hereby incorporates by reference paragraphs 1 through 32.

34. At all times relevant hereto, Ropack and R&G were engaged in commerce within the meaning of M.G.L. c. 93A.

35. On information and belief, it has become apparent that R&G did not act in good faith in connection with their agreement. R&G deliberately violated the agreement by refusing to pay the undisputed balance. In addition, R&G tendered checks for which it did not have sufficient funds to cover, and failed to make good on checks returned for insufficient funds.

36. The above described breach of contract, breach of implied contract, unjust enrichment, account stated, and bad faith conduct constitute unfair or deceptive acts and practices in violation of M.G.L. c. 93A §§ 2 and 11 which were, upon information and belief, knowingly and wilfully performed.

37. As a direct and proximate result of R&G's unfair or deceptive acts and practices, Ropack incurred substantial and continuing damages, including but not limited to those damages referenced in Paragraphs 5 through 10 above.

38. R&G has failed to tender any reasonable resolution of this dispute.

WHEREFORE, the Plaintiff, Rhoda Packer, as Executrix of the Estate of Archie Packer, respectfully demands that the Court:

(1)   Award Judgment on Counts I through IV against the Defendant, Register & Grille Manufacturing Co., Inc., in an amount to be determined at Trial, plus interest, costs, and attorneys' fees.

(2)   Award Judgment on Count V against the Defendant, Register & Grille Manufacturing Co., Inc., in an amount to be determined at Trial, plus interest, costs, attorneys' fees, and treble damages pursuant to M.G.L. c. 93A.

(3)   Grant such additional relief as the interests of justice and equity demand.

### JURY DEMAND

Plaintiff demands trial by jury on all claims so triable.

Respectfully submitted,
The Plaintiff, Rhoda Packer,
as Executrix of the Estate of Archie Packer,
By his Attorneys,

Louis Movitz, BBO #564780
PACKER AND MOVITZ, P.C.
11 Beacon Street, Suite 615
Boston, MA 02108
(617) 227-5111

LM\rd\ropack\complaint