IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RHODA PACKER,<br>as Executrix of the Estate of Archie Packer<br><br>Plaintiff,<br><br>v.<br><br>REGISTER & GRILLE<br>MANUFACTURING CO., INC.<br><br>Defendant. | CIVIL ACTION NO: 04-10600 PBS |

## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF JURISDICTION AND IMPROPER VENUE

Defendant Register & Grille Manufacturing Co., Inc., (hereafter "Register & Grille"), pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, hereby moves to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and improper venue.

Rule 8(a)(1) requires a "plain statement of the grounds upon which the court's jurisdiction depends …" The complaint fails to allege facts in support of subject matter jurisdiction, personal jurisdiction or venue.

### I.  THE COMPLAINT DOES NOT ALLEGE DIVERSITY

Citizenship of the parties sufficient to establish diversity must be distinctly and affirmatively averred.  Robertson v. Cease, 97 U.S. 646, 649-50, 24 L.Ed. 1057 (1878); 2A Moore's Federal Practice ¶ 8.10.

Residence is not the equivalent of citizenship. Where jurisdiction is predicated upon the citizenship of the parties, an allegation that a party is a resident of a certain state is not a sufficient allegation of citizenship. <u>Neel v. Pennsylvania Co.</u>, 157 U.S. 153, 15 S.Ct. 5, 69 L.Ed. 654 (1895); 2A Moore's Federal Practice ¶ 8.10.

The federal diversity statute, 28 U.S.C. § 1332, provides that "the legal representative of an estate shall be deemed to be a citizen only of the same State of the decedent."

The complaint does not allege where Archie Packer was a citizen. The complaint also fails to mention where Archie Packer's estate was probated, or the State of citizenship of Rhoda Packer, the estate representative.

The 2001-2002 invoices attached to the complaint are on a letterhead with a New York address. Based on the complaint, it is impossible to determine whether Archie Packer was a citizen of New York. If he was, then there is no diversity. If he wasn't, dismissal is appropriate nonetheless given the plaintiff's failure to allege facts sufficient to establish diversity.

## II. THE COMPLAINT DOES NOT ALLEGE A BASIS FOR PERSONAL JURISDICTION

There are two types of challenges to jurisdiction which may be made. One is a facial attack -- that the allegations of the complaint are insufficient on their face to demonstrate the existence of jurisdiction. <u>E.g.</u>, <u>Eaton v. Dorchester Development, Inc.</u>, 692 F.2d 727 (11th Cir. 1982). In a facial challenge to jurisdiction, the court is limited to determining whether the plaintiff has alleged sufficient jurisdictional facts. <u>Id</u>.

This court has noted that the "consideration of materials outside the complaint is appropriate in ruling on a motion to dismiss for lack of personal jurisdiction." <u>Callahan</u>

v. Harvest Board International, Inc., 138 F.Supp.2d 147, 152-153 (D. Mass. 2001). However, in Callahan, as in other cases where this principle has been applied, the court permitted the plaintiff to present evidence that supported allegations in the complaint. Id.

In addition to a facial challenge to jurisdiction, a defendant may make a factual attack on the allegations of the complaint. This was the nature of the attack made in Callahan. This is the typical challenge to personal jurisdiction, because it is rare for a plaintiff to ignore the need to allege facts supporting the exercise of jurisdiction over the defendant. In a factual challenge to jurisdiction the court may receive evidence, such as affidavits, in order to resolve the factual dispute.

Defendant Register & Grille challenges jurisdiction on both facial and factual grounds. However, the court need not, and should not, address the factual challenge at this time in order to dismiss this case. The facial challenge to the inadequacy of the complaint is sufficient. Presuming all of the allegations of the complaint to be true, if the court finds that the complaint fails to satisfy the plaintiff's burden of proof of jurisdiction then its inquiry should go no further. The complaint lacks any allegations of the defendant having sufficient contacts with Massachusetts to warrant the exercise of personal jurisdiction. Consequently, the court should dismiss this action without conducting an evidentiary evaluation beyond the face of the complaint. There are no jurisdictional allegations to evaluate.

If the court concludes that an evidentiary evaluation is required, then the defendant likely will seek to supplement this motion with the submission of an affidavit from Dianne Kavanagh, the president of Register & Grille, in support of its challenge to the factual basis for personal jurisdiction.

The complaint contains no allegations relating to personal jurisdiction. It does not even state what the supposed basis of personal jurisdiction is. The complaint refers to Massachusetts once. In the first paragraph it is alleged that Archie Packer resided and did business in Westwood, Massachusetts.

Attached to the complaint as Exhibit 1 are invoices sent to the defendant at its Brooklyn address. The letterhead on the invoices from Ropack Printing, (the word "Corporation" appears to have been struck out), has an address in Valley Stream, New York.

There is no allegation that the defendant ever did anything in Massachusetts. There is no allegation that Archie Packer ever did anything in Massachusetts related to his dealings with the defendant. The invoices suggest that Ropack Printing was headquartered in New York.

The complaint says nothing that could possibly justify the exercise of general jurisdiction based upon "continuous and systematic" in-forum contacts. The reference to Archie Packer conducting business in Massachusetts could only, even in theory, support the exercise of specific jurisdiction based upon contacts related to the cause of action. See, Levin v. Harned, 292 F.Supp.2d 220, 225 (D. Mass. 2003)(citing United States v. Swiss A. Bank, Ltd., 274 F.3d 610, 623 (1st Cir. 2001)).

In Levin this court reviewed in detail the due process requirements for the exercise of specific jurisdiction. Taking the analytical steps one by one, it is clear that the complaint is devoid of any allegations that could justify the exercise of specific jurisdiction.

There is no allegation that the plaintiff's claim "directly relates to or arises from the defendant's contacts" with Massachusetts. Levin at 225 (citing Swiss Am. Bank, Ltd. at 620-621). The fact that Mr. Packer lived in Massachusetts at some point says nothing about how or where he conducted business with the defendant.

Given the failure to allege any contacts between the defendant and Massachusetts, it is impossible to conclude that any conduct of Register & Grille constituted a "purposeful availment of the benefits and protections afforded" by the laws of Massachusetts. Id.

Because these two requirements are not met, there is no reason for the court to examine the "overall reasonableness" of jurisdiction. However, if the court determines that a factual evaluation is required, and further reaches consideration of the so-called "gestalt factors," the defendant will seek to establish through affidavits that the exercise of jurisdiction in Massachusetts would be unreasonable, that the burden upon the defendant of appearing in Massachusetts would be substantial and that Massachusetts has no significant interest in adjudicating the dispute.

The defendant has a potential counterclaim alleging that Mr. Packer deceptively overcharged the defendant more than $200,000. Mr. Packer was hired by the defendant to edit advertising that he then submitted to a publisher. In addition, he acted as a disbursing agent for other advertising that he did not edit, simply renewing prior advertising and transmitting payment for the renewals to the publishers. Mr. Packer was to pay these publishers the costs of advertising and, in turn, bill the defendant back for the payments. When Mr. Packer died, Ms. Kavanagh contacted the publishers directly. She then discovered that Mr. Packer had been systematically padding his bills by charging the

5

defendant far in excess of what he actually had paid the publishers. Proof of this claim will hinge upon evidence from the publishers. One of the publishers was Blue Book, located in Long Island. Defendant anticipates establishing a loss of over $50,000 stemming from Mr. Packer over billing for submissions to Blue Book. McGraw Hill, one of the other publishers, is located in Parsippany, New Jersey, near the Eastern District of New York. There are no witnesses in Massachusetts that know anything about this matter.

Archie Packer's son is a principal of the Boston law firm that brought this suit. Beyond this, there is nothing in the complaint that explains why this lawsuit was filed in Massachusetts.

The exercise of specific personal jurisdiction over the defendant does not comport with the requirements of constitutional due process and would be manifestly unreasonable.

### III. VENUE IS IMPROPER

Under 28 U.S.C. § 1391(a) venue may lie in a district where the defendant resides or where a substantial part of the events giving rise to the claim occurred. Neither condition applies in this case.

In the First Circuit, the plaintiff has the burden of proving that it has brought the action in a permissible forum. Cordis Corp. v. Cardiac Pacemakers, 599 F.2d 1085, 1086 (1st Cir. 1979).

For purposes of venue, a corporation is deemed to reside in any district where it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). As detailed above in section II, the plaintiff has not alleged any facts sufficient to