UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10600-PBS

| | |
|---|---|
| RHODA PACKER, AS EXECUTRIX OF THE ESTATE OF ARCHIE PACKER, Plaintiff, <br><br> v. <br><br> REGISTER & GRILLE MANUFACTURING CO., INC., Defendant. | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE |

The Plaintiff, Rhoda Packer, as Executrix of the Estate of Archie Packer hereby opposes the Motion by the Defendant, Register & Grille Manufacturing Co., Inc., to Dismiss for Lack of Jurisdiction and Improper Venue. In support hereof, the Plaintiff refers the Court to the Complaint, Civil Cover Sheet, and Civil Category Sheet, all filed previously, and to the Affidavit of Susan Shemin ("Aff. Shemin"), filed herewith. In further support, Plaintiff states as follows:

## MEMORANDUM OF REASONS

### I. Defendant's Motion to Dismiss Is Procedurally Defective.

Local Rule 7.1(A)(2) requires that no motion can be filed without a certificate that counsel have conferred and have attempted in good faith to resolve or narrow the issue. Defendant's Motion to Dismiss does not contain the required certificate, because defense counsel never conducted -- and never tried to initiate -- the required conference. Accordingly, Defendant's Motion to Dismiss is procedurally defective and should be denied by the Court on that basis alone.

### II. Diversity between the Parties is Undeniable.

A. **Plaintiff has appropriately alleged diversity of citizenship between the parties; further, diversity is an undeniable fact.**

Contrary to Defendant's contentions, the Plaintiff has appropriately alleged diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a). There is no dispute that the amount in controversy exceeds $75,000.00. Complaint, ¶ 9 and Ex. 1, indicating a principal balance on open invoices of $87,937.38. There is also no dispute that Defendant is a New York citizen. Complaint, ¶ 2; Civil Cover Sheet, § III; Motion to Dismiss, p. 2.

Plaintiff has also sufficiently alleged that Plaintiff is a citizen of Massachusetts. Complaint, ¶ 1; Civil Cover Sheet, § III. In addition, Plaintiff has now supplied the Court with the Affidavit of Susan Shemin, which unmistakably confirms diversity of citizenship between the parties. Since 1990, well before the dates of the open invoices and work referenced thereon, neither Archie Packer nor Rhoda Packer has been a citizen of New York state, nor have they lived there during that time. Aff. Shemin ¶¶ 5-7. Also, the estate of Archie Packer has had no connection to New York. The Executrix resides full time in Massachusetts, and has not been a citizen of New York state or lived in New York state since 1990. Aff. Shemin ¶¶ 5-7. The estate of Archie Packer was not probated in New York. Aff. Shemin ¶ 8

### B.    Defendant's facial challenge is improper.

Accordingly, as Plaintiff alleged in her initial pleadings, there is diversity of citizenship between the parties. Moreover, even if citizenship were not properly alleged, there is no serious dispute concerning diversity in light of the Affidavit of Susan Shemin. Thus, Defendant's argument that the present suit should be dismissed merely because Plaintiff failed to properly *allege* diversity of citizenship must fail.

Fed. R. Civ. P. 8(f) requires district courts to construe all pleadings to do "substantial justice." Therefore, pleadings should not be dismissed for technical defects. The pleading should be construed as a whole, to determine whether adequate notice of the claim is presented. See *Conley v. Gibson*, 355 U.S. 41, 48 (1957). In addition, Fed. R. Civ. P. 15 allows plaintiffs great freedom to amend complaints when necessary.

Such concerns are especially relevant in the present case, where Defendant failed to comply with Local Rule 7.1(A)(2) which requires counsel to confer to try in good faith to resolve or narrow the issue. Moreover, Defendant has not yet filed an Answer to the Complaint.

## III.   There Is Personal Jurisdiction over the Defendant.

### A.   Legal Standard

In the absence of an evidentiary hearing, a plaintiff need only make a *prima facie* case that jurisdiction exists. *Terzano v. PFC*, 986 F. Supp. 706, 710 (D.P.R. 1997); *Francosteel Corp. v. M/V Charm*, 27 F.3d 169, 171-172 (5th Cir. 1994). A *prima facie* case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict. In fact, it is reversible error to ignore a plaintiff's factual assertions. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

In a diversity case, specific personal jurisdiction over a nonresident defendant exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum based activities, such as when the litigation is founded directly on those activities. *Callahan v. Harvest Board Int'l, Inc.*, 138 F. Supp. 2d 147, 158 (D. Mass. 2001), citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). Courts consider whether: (1) the claim at issue arises out of or is related to the defendant's conduct in the forum state; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in the forum state; and (3) it is fair and reasonable to compel the defendant to defend itself in Massachusetts. *Callahan*, 138 F. Supp. 2d at 159.

Massachusetts courts may exercise personal jurisdiction over an entity which causes an action in law or equity arising from that entity's transacting any business in this commonwealth. M.G.L. c. 223, § 3(a). Section 3(a) has been construed broadly, so that "transacting any business" means any purposeful act directed to the forum state. *Ealing Corp. v. Harrods Ltd.*, 790 F.2d 978, 982 (1st Cir. 1996). Although an

isolated and minor transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth by a defendant will suffice. *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 767 (1994). Anything but the most incidental commercial contact with a state resident is sufficient to satisfy the "transacting business" test. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 848 F. Supp. 271 (D. Mass. 1994), vacated on other grounds 46 F.3d 138.

Section 3(a) does *not* require that business be transacted within the physical bounds of the Commonwealth. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 184 F. Supp. 2d 55 (D. Mass. 2001), dismissal reversed under *prima facie* basis, 290 F.3d 42 (1st Cir. 2002). Transmission of facts or information into Massachusetts by telephone or mail constitutes evidence of jurisdictional contact directed into the forum state for purposes of the long-arm statute and the due process clause. *Id.*

In assessing reasonableness, courts focus on the following "Gestalt factors": (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Ticketmaster-New York v. Alioto*, 26 F.3d 201, 209 (1st Cir. 1994).

B. **Virtually every factor supports personal jurisdiction over the Defendant.**

As recounted in the Complaint and the Affidavit of Susan Shemin, the claim at issue arises out of and is related to the Defendant's conduct in Massachusetts. From 1990 through 2002, Archie and Rhoda Packer lived in Westwood, Massachusetts. Aff. Shemin ¶¶ 6-7. During that time, Archie Packer operated his business, Ropack, out of his home in Westwood, Massachusetts. Aff. Shemin ¶ 4. Archie Packer forwarded the open invoices at issue from Westwood, Massachusetts. Aff. Shemin ¶¶ 9-11.

4

The invoices attached to the Complaint contain a Valley Stream, New York address only because Archie Packer continued to use old, outdated invoices. None of the open invoices at issue in the present case, which are dated from September 15, 2001 to November 5, 2002, were forwarded from New York state. Aff. Shemin ¶ 9. On each of the invoices, New York telephone numbers have been crossed out and replaced with the telephone number for Archie Packer at his home in Westwood, Massachusetts. The reason is that during this time period, Archie Packer operated his business, Ropack, out of his home in Westwood, Massachusetts. Aff. Shemin ¶ 10.

During the period from 2001 to 2003, when Archie Packer performed the services which are the subject of this suit, he conducted virtually all of Ropack's business out of his home office in Westwood, including the work performed for the Defendant. Aff. Shemin ¶ 13. Also during that period, the Defendant continually contacted Archie Packer concerning the parties' business relationship, while Archie Packer was in Westwood, Massachusetts. Such communications included but were not necessarily limited to several dozens of telephone calls, written correspondence, and payments which the Defendant forwarded to Archie Packer in Massachusetts. Aff. Shemin ¶ 14.

Accordingly, the claim at issue arises out of and is related to the Defendant's conduct in Massachusetts. Ropack's services for which Plaintiff seeks payment occurred in this district. Defendant forwarded telephone calls, written correspondence, and payments to this district, including several payments which were returned for insufficient funds, contributing to the overdue balance. Complaint ¶ 7. It cannot be seriously argued that Defendant's contacts with Ropack constituted "an isolated and minor transaction" or "the most incidental commercial contact." Rather, there was an ongoing business relationship for several years while Ropack resided and performed its services in Massachusetts. Moreover, there were substantial funds changing hands. The principal unpaid balance for invoices dated from September 15, 2001 to November 5, 2002 alone is $87,937.38, exclusive of contractual interest charges and fees incurred because of the insufficiency of Defendant's funds to cover its checks.

Moreover, Defendant has indicated that once it is required to answer the Complaint, it will file a counterclaim "alleging that Mr. Packer deceptively overcharged the defendant." Motion to Dismiss, pp. 5-6. From 1990 through 2002, Mr. Packer operated his business, Ropack, out of his home in Westwood, Massachusetts. Accordingly, a substantial part of the events giving rise to the Defendant's threatened counterclaim must have occurred in Massachusetts as well.

Thus, Defendant has indicated a purposeful availment of the privilege of conducting activities in Massachusetts. (Doubtlessly, Defendant intends to countersue alleging fraud and c. 93A violation allegedly conducted by Ropack while in Massachusetts.) The Commonwealth's interest in obtaining effective resolution of allegations of fraud in Massachusetts is compelling. *Levin v. Harned*, 292 F. Supp. 2d 220, 230 (D. Mass. 2003). In any event, it would be wasteful of the time and resources of the parties and the judiciary to transfer this case to a New York court, only to have it transferred back to Massachusetts upon the filing of Defendant's counterclaim.

The facts and allegations also establish that it will be fair and reasonable to compel the Defendant to defend itself in Massachusetts. Defendant engaged in an ongoing contract over a period of several years with a Massachusetts based company, which provided services which were performed in Massachusetts for Defendant's benefit. Complaint ¶ 3; Aff. Shemin ¶¶ 4, 11, 13, 14.

Though staging a defense in a foreign jurisdiction is almost always inconvenient and costly, the "burden of appearing" factor is only meaningful where a defendant can demonstrate some kind of special or unusual burden. *Pritzker v. Yari*, 42 F.2d 53, 64 (1st Cir. 1994). In that case, the Court determined that even travel between New York and distant Puerto Rico did not constitute a special or unusual burden. In the present case, there is no such burden, nor has Defendant alleged one.

The Plaintiff's interest in obtaining convenient and effective relief is undeniable. Ropack performed substantial services in Massachusetts, for which it is contractually entitled to substantial compensation. Plaintiff resides full time in Massachusetts, and

6

has a legitimate interest to collect receivables to enhance her husband's estate. The interests of the judicial system and all sovereigns will be served by permitting the present case, based on unpaid services performed in Massachusetts, to proceed without further delay.

### C. There is a litany of similar cases where Massachusetts courts have found personal jurisdiction under the present circumstances.

There are numerous cases serving as precedent for finding personal jurisdiction under the present circumstances. For example, a Nevada hotel is subject to personal jurisdiction where it made four telephone calls, five e-mails, and three facsimiles to the plaintiff conference planner which were instrumental to the formation of the disputed contract. *Workgroup Technology Corp. v. MGM Grand Hotel, LLC*, 246 F. Supp. 2d 102 (D. Mass. 2003).

The factual constellation including a defendant foreign corporation's sales of beef for a period of years to a plaintiff Massachusetts resident, the defendant's purchase of beef from the plaintiff over course of years, the defendant's telephone communications to Massachusetts, and the mailing of invoices and billing by the plaintiff in Massachusetts, required the conclusion that the defendant transacted business in Massachusetts for purposes of personal jurisdiction. *A.J. Cunningham Packing Corp. v. Florence Beef Co.*, 529 F. Supp. 515 (D. Mass. 1982). Where mailings, telephone calls, and billings show purposeful engagement by a foreign corporation in transactions in Massachusetts, there is personal jurisdiction over the foreign corporation. *Id.* All of these factors are present in the instant case.

Nonresident corporations which purchased machinery from a Massachusetts manufacturer, and sent substantial correspondence and payments into the Commonwealth, are subject to personal jurisdiction in Massachusetts. *Fairview Mach. & Tool Co., Inc. v. Oakbrook Intern., Inc.*, 56 F. Supp. 2d 134 (D. Mass. 1999). Similarly, a nonresident buyer which engaged in forty separate transactions in which a Massachusetts seller sold the buyer skids of paper, with the buyer placing telephone orders with the seller from New York, "transacted business" within the meaning of the

long-arm statute. *L&P Converters, Inc. v. H.M.S. Direct Mail Service, Inc.*, 634 F. Supp. 365 (D. Mass. 1986). These cases are indistinguishable from the present case, except for the product being sold.

### D.   Defendant's facial challenge is improper.

Accordingly, consistent with the Plaintiff's allegations in her initial pleadings, there is personal jurisdiction over the Defendant. Moreover, even if personal jurisdiction were not properly alleged, there is no serious dispute concerning personal jurisdiction in light of the Affidavit of Susan Shemin. The consideration of materials outside the Complaint is appropriate in ruling on a motion to dismiss for lack of personal jurisdiction. *Callahan v. Harvest Board Int'l, Inc.*, 138 F. Supp. 2d 147, 152-153 (D. Mass. 2001). Thus, Defendant's argument that the present suit should be dismissed merely because Plaintiff failed to properly *allege* diversity of citizenship must fail.

Moreover, Fed. R. Civ. P. 8(f) requires district courts to construe all pleadings to do "substantial justice." Therefore, pleadings should not be dismissed for technical defects. The pleading should be construed as a whole, to determine whether adequate notice of the claim is presented. See *Conley v. Gibson*, 355 U.S. 41, 48 (1957). In addition, Fed. R. Civ. P. 15 allows plaintiffs great freedom to amend complaints when necessary.

Such concerns are especially relevant in the present case, where Defendant failed to comply with Local Rule 7.1(A)(2) which requires counsel to confer to try in good faith to resolve or narrow the issue. Moreover, Defendant has not yet filed an Answer to the Complaint.

In addition, Defendant's filing of a Motion to Dismiss without a supporting Affidavit is dilatory and misleading. It is consistent with Defendant's pattern of delay and unresponsiveness throughout this dispute. There still has been no substantive reply to Plaintiff's June 23, 2003 demand letter. Complaint ¶¶ 11-12.

Further, Defendant's motion is misleading in that it makes factual assertions which are patently untrue. Defendant knows full well that Mr. Packer operated Ropack out of Westwood from 1990 until his passing in 2002, and that Defendant repeatedly contacted Mr. Packer in Massachusetts throughout their business relationship, in the form of dozens of several dozens of telephone calls, written correspondence, and payments. Aff. Shemin ¶ 14. Yet, Defendant questions where Ropack's activities took place, and whether there were continuous and systematic contacts in Massachusetts. Motion to Dismiss, p. 4. Defendant goes so far as to advise the Court that the invoices suggest that Ropack was headquartered in New York, though Defendant knows full well that all invoices at issue, and all invoices dating back to at least 1990, were forwarded from Ropack's office in Westwood, Massachusetts, which is where Ropack operated its business from 1990 until Mr. Packer's passing in late 2002. Defendant should not be permitted to mislead the Court or to improperly delay these proceedings.

## IV.   Venue is Proper in Two (2) Distinct Manners.

### A.   Defendant mis-states the standard for determining the proper venue.

In its Motion to Dismiss, Defendant mis-states the standard for determining the proper venue. Under 28 U.S.C. § 1391(a), there are three (3) manners to establish venue. A case can be brought in a judicial district in which: (1) any defendant resides; (2) a substantial part of the events giving rise to the claim occurred; or (3) any defendant is subject to personal jurisdiction. Defendant omitted the third option entirely. As recounted below, Defendant is subject to suit in the present venue because of both the second and third options.

Furthermore, Defendant's citation of *Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085 (1st Cir. 1979) is improper. Defendant cites *Cordis* for the proposition that a plaintiff in the First Circuit has the burden of proving that it has brought the action in a permissible forum. However, because *Cordis* is a patent case, it is entirely inapposite. The Court there based its decision on the patent venue statute, 28 U.S.C. § 1400(b) -- not 28 U.S.C. § 1391(a) which applies to the present case.

9

In fact, the party challenging venue generally has the burden of proving its impropriety. See, e.g., *Myers v. American Dental Ass'n*, 695 F. 2d 716, 724 (3d Cir. 1982) (venue is affirmative, dilatory defense, so that defendant has burden of proof); *In re: Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 794 (7th Cir. 1998) (venue is presumed to be proper in district in which case is filed, and party challenging venue bears burden of establishing that district chosen by plaintiff was improper venue.

**B.  Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.**

Regardless of where the burden of proof lies, Plaintiff can establish that it has brought the present case in a permissible forum. As recounted in the Affidavit of Susan Shemin, all Massachusetts contact involved in this case has been in this judicial district. From 1990 through 2002, Archie and Rhoda Packer lived in Westwood, Massachusetts. Aff. Shemin ¶¶ 6-7. During that time, Archie Packer operated his business, Ropack, out of his home in Westwood, Massachusetts. Aff. Shemin ¶ 4. Archie Packer forwarded the open invoices at issue from Westwood, Massachusetts. Aff. Shemin ¶¶ 9-11. During the period from 2001 to 2003, when Archie Packer performed the services which are the subject of this suit, he conducted virtually all of Ropack's business out of his home office in Westwood, including the work performed for the Defendant. Aff. Shemin ¶ 13. Also during that period, the Defendant continually contacted Archie Packer concerning the parties' business relationship, while Archie Packer was in Westwood, Massachusetts. Such communications included but were not necessarily limited to telephone calls, written correspondence, and payments which the Defendant forwarded to Archie Packer in Massachusetts. Aff. Shemin ¶ 14. At present, and from a date preceding the filing of the present action, the Plaintiff, Rhoda Packer, resides and has resided full time in Needham, Massachusetts. Aff. Shemin ¶ 7.

Accordingly, because a substantial part of the events giving rise to the claim occurred in this judicial district, venue is proper under 28 U.S.C. § 1391(a)(2). Virtually all of Ropack's services for which Plaintiff seeks payment occurred in this district.

Defendant forwarded telephone calls, written correspondence, and payments to this district, including several payments which were returned for insufficient funds, contributing to the overdue balance. Complaint ¶ 7.

Moreover, Defendant has indicated that once it is required to answer the Complaint, it will file a counterclaim "alleging that Mr. Packer deceptively overcharged the defendant." Motion to Dismiss, pp. 5-6. From 1990 through 2002, Mr. Packer operated his business, Ropack, out of his home in Westwood, Massachusetts. Accordingly, a substantial part of the events giving rise to the Defendant's threatened claim must have occurred in Massachusetts as well. It would be wasteful of the time and resources of the parties and the judiciary to transfer this case to a New York court, only to have it transferred back to Massachusetts upon the filing of Defendant's counterclaim.

### C. Venue is also proper under 28 U.S.C. § 1391(a)(3) because the Defendant is subject to personal jurisdiction in this judicial district.

Venue is also proper under 28 U.S.C. § 1391(a)(3) because the Defendant is subject to personal jurisdiction in this district. As detailed in section III above, there is personal jurisdiction over the Defendant in Massachusetts. Because all Massachusetts contact involved in this case has been in this judicial district (either in Westwood or Needham, Massachusetts), the Defendant is subject to personal jurisdiction in this district.

### CONCLUSION

Plaintiff's factual allegations, when applied to the appropriate liberal legal standards cited above, easily satisfy the standard required to withstand a Motion to Dismiss.

### REQUEST FOR ORAL ARGUMENT

The Plaintiff hereby requests oral argument and submits that a hearing on this matter will assist the Court in reaching its decision.

WHEREFORE, the Plaintiff, Rhoda Packer, as Executrix of the Estate of Archie Packer, respectfully demands that the Court:

(1) Deny the Defendant's Motion to Dismiss for Lack of Jurisdiction and Improper Venue.

(2) Require that the Defendant file and serve an Answer to the Complaint within ten (10) days of the Court's decision on the present motion.

(3) Grant such additional relief as the interests of justice and equity demand.

Respectfully submitted,
The Plaintiff, Rhoda Packer,
as Executrix of the Estate of Archie Packer,
By his Attorneys,

Louis Movitz, BBO #564780
PACKER AND MOVITZ, P.C.
11 Beacon Street, Suite 615
Boston, MA 02108
(617) 227-5111

## CERTIFICATE OF SERVICE

I, Louis Movitz, Plaintiff's counsel, hereby certify that I served a true copy of the above document upon Defendant's counsel by first class mail on the 10TH day of May, 2004.

Louis Movitz

LM\rd\ropack\opp mtd