UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10600-PBS

| | |
|---|---|
| RHODA PACKER, AS EXECUTRIX OF ) <br> THE ESTATE OF ARCHIE PACKER, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REGISTER & GRILLE ) <br> MANUFACTURING CO., INC., ) <br>     Defendant. ) <br> _____ ) | PLAINTIFF'S ANSWER TO <br> DEFENDANT'S COUNTERCLAIM <br> & JURY DEMAND |

The Plaintiff, Rhoda Packer, as Executrix of the Estate of Archie Packer hereby answers the Counterclaim by the Defendant, Register & Grille Manufacturing Co., Inc., as follows:

1. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

2. Admitted.

3. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

4. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

5. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

6. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

7. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

8. Admitted.

9. No answer is required as this allegation states legal conclusions.

10. With regard to the first sentence, denied that this is a fair characterization of the parties' agreement. With regard to the second and third sentences, Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

11. Admitted.

12. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

13. Denied.

14. Denied that there was an agreement as characterized in Para. 13.

15. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

16. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

17. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

18. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

19. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

20. Denied.

21. No answer is required as the documents speaks for themselves.

22. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

23. Plaintiff is without sufficient information to admit or deny this allegation as it pertains to Defendant's purported conversations with third parties, and calls on Defendant to prove same. Plaintiff denies that Mr. Packer "deceptively padded his bills to Register."

24. With regard to the first sentence, Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same. With regard to the second sentence, denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted.

30. Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

31.    Plaintiff is without sufficient information to admit or deny this allegation and calls on Defendant to prove same.

32.    No answer is required as this allegation states a legal conclusion.

33.    No answer is required as this allegation states a legal conclusion.

34.    No answer is required as this allegation states a legal conclusion.

35.    No answer is required as this allegation is irrelevant, harassing, made without any basis in fact, made in apparent violation of Rule 11, and should be stricken from the record.

36.    No answer is required as this allegation is irrelevant, harassing, made without any basis in fact, made in apparent violation of Rule 11, and should be stricken from the record.

37.    No answer is required as this allegation is irrelevant, harassing, made without any basis in fact, made in apparent violation of Rule 11, and should be stricken from the record.

38.    No answer is required as this allegation is irrelevant, harassing, made without any basis in fact, made in apparent violation of Rule 11, and should be stricken from the record.

39.    No answer is required as this allegation is irrelevant, harassing, made without any basis in fact, made in apparent violation of Rule 11, and should be stricken from the record.

40.    No answer is required as this allegation is irrelevant, harassing, made without any basis in fact, made in apparent violation of Rule 11, and should be stricken from the record.

## COUNT I - FRAUD

41. Plaintiff incorporates her answers in Paragraphs 1 through 40 above.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT II - INTENTIONAL MISREPRESENTATION

46. Plaintiff incorporates her answers in Paragraphs 1 through 45 above.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT III - NEGLIGENT MISREPRESENTATION

51. Plaintiff incorporates her answers in Paragraphs 1 through 50 above.

52. Denied.

53. Denied.

54. Denied.

## COUNT IV -
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

55. Plaintiff incorporates her answers in Paragraphs 1 through 54 above.

56. Denied.

57. Denied.

## COUNT V - UNJUST ENRICHMENT

58. Plaintiff incorporates her answers in Paragraphs 1 through 57 above.

59. Denied.

## COUNT VI - BREACH OF CONTRACT

60. Plaintiff incorporates her answers in Paragraphs 1 through 59 above.

61. Denied.

62. Denied.

## COUNT VII - BREACH OF IMPLIED CONTRACT

63. Plaintiff incorporates her answers in Paragraphs 1 through 62 above.

64. Denied.

65. Denied.

66.    Denied.

COUNT VIII - PUNITIVE DAMAGES

67.    Plaintiff incorporates her answers in Paragraphs 1 through 66 above.

68.    Denied.

COUNT IX - VIOLATION OF M.G.L. c. 93A

69.    Plaintiff incorporates her answers in Paragraphs 1 through 68 above.

70.    No answer is required as this allegation states a legal conclusion.

71.    Denied.

72.    Denied.

### AFFIRMATIVE DEFENSES

1.    Defendant cannot secure the relief requested in its Counterclaim because it has failed to state a claim upon which relief may be granted.

2.    Defendant cannot secure the relief requested in its Counterclaim because of failure of consideration.

3.    Defendant cannot secure the relief requested in its Counterclaim because it has unclean hands.

4.    Defendant cannot secure the relief requested in its Counterclaim because of laches.

5.  Defendant cannot secure the relief requested in its Counterclaim because it has waived its claim which is the subject of its Counterclaim.

6.  Defendant cannot secure the relief requested in its Counterclaim because it is estopped from bringing its claim which is the subject of its Counterclaim.

7.  Defendant cannot secure the relief requested in its Counterclaim because of its assumption of risk.

8.  Defendant cannot secure the relief requested in its Counterclaim because of its contributory negligence.

9.  Defendant cannot secure the relief requested in its Counterclaim because of its volunteerism.

10. Defendant cannot secure the relief requested in its Counterclaim because of the lack of proper notice.

11. Defendant cannot secure the relief requested in its Counterclaim because of its failure to satisfy conditions precedent, concurrent, and/or subsequent.

12. Defendant cannot secure the relief requested in its Counterclaim because Plaintiff is not responsible for the actions or conduct of any third party.

13. Defendant cannot secure the relief requested in its Counterclaim because of its failure to make a timely claim against Archie Packer's estate.

14. Defendant cannot secure the relief requested in its Counterclaim because of the parole evidence rule.

15. Defendant cannot secure the relief requested in its Counterclaim because of the statute of frauds.

16. Defendant cannot secure the relief requested in its Counterclaim because of the applicable statute of limitations and/or repose.

17. Defendant cannot secure the relief requested in its Counterclaim because of its failure to mitigate its alleged damages, if any.

18. Defendant cannot secure the relief requested in its Counterclaim because of its breach of contract, as detailed in the Complaint.

19. Defendant cannot secure the relief requested in its Counterclaim because of its breach of implied contract, as detailed in the Complaint.

20. Defendant cannot secure the relief requested in its Counterclaim because of its unjust enrichment, as detailed in the Complaint.

21. Defendant cannot secure the relief requested in its Counterclaim because of its failure to object to the account stated, as detailed in the Complaint.

22. Defendant cannot secure the relief requested in its Counterclaim because of its breach of good faith and fair dealing.

23. Defendant cannot secure the relief requested in its Counterclaim because of its unfair trade acts, as detailed in the Complaint.

24. Defendant cannot secure the relief requested in its Counterclaim because it has asserted claims which are wholly unsubstantiated, frivolous, and not advanced in good faith, in violation of M.G.L. c. 231, § 6F.

25. Plaintiff reserves its rights to add applicable affirmative defenses as discovery in this case proceeds.

WHEREFORE, the Plaintiff, Rhoda Packer, as Executrix of the Estate of Archie Packer, respectfully demands that the Court:

1) Dismiss with prejudice all counts of the Counterclaim by the Defendant.

2) Assess attorneys' fees and expenses against the Defendant, and in favor of the Plaintiff.

3) Grant such further relief as the interests of justice and equity demand.

## JURY DEMAND

THE PLAINTIFF, RHODA PACKER, AS EXECUTRIX OF THE ESTATE OF ARCHIE PACKER, HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES AND CLAIMS SO TRIABLE.

Respectfully submitted,
The Plaintiff, Rhoda Packer,
as Executrix of the Estate of Archie Packer,
By her Attorneys,

Louis Movitz, BBO #564780
PACKER AND MOVITZ, P.C.
11 Beacon Street, Suite 615
Boston, MA 02108
(617) 227-5111

## CERTIFICATE OF SERVICE

I, Louis Movitz, Plaintiff's counsel, hereby certify that I served a true copy of the above document upon Defendant's counsel by first class mail on the 6TH day of August, 2004.

Louis Movitz

LM\rd\ropack\answer