IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RHODA PACKER,<br>as Executrix of the Estate of Archie Packer<br><br>Plaintiff,<br><br>v.<br><br>REGISTER & GRILLE<br>MANUFACTURING CO., INC.<br><br>Defendant. | CIVIL ACTION NO. 04-10600 PBS |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER
## TO BAR DEPOSITION

Defendant Register & Grille hereby moves the Court for a protective order barring the plaintiff from conducting a deposition of the defendant on October 6, 2004. The plaintiff served a 30(b)(6) deposition notice on September 30, 2004. This notice calls for the appearance of the defendant's President, Dianne Kavanaugh, requiring her to travel from New York to Boston. Reasonable notice was not given. In addition, after agreeing to take this deposition in New York, the plaintiff noticed the deposition for Boston. The defendant requests that the Court order the deposition to take place in New York no earlier than October 26, 2004. As grounds therefore, defendant states:

1. On August 10, 2004, defendant's counsel faxed and mailed plaintiff's counsel a letter proposing deposition dates for Mrs. Kavanaugh in New York on September 8, 21, 22, 28 or 29. A copy is provided at Attachment A.

2. On August 12, 2004 the plaintiff served a 30(b)(6) deposition notice calling for the testimony of Dianne Kavanagh on August 24th in Boston. Defendant's counsel immediately phoned plaintiff's counsel, who stated that he had not received the August 10th letter, which was immediately emailed to plaintiff's counsel. Defendant's counsel advised plaintiff's counsel that August 24th was a problem due to the vacation schedules of counsel and of R&G's counsel in New York, who would be responsible for preparing Mrs. Kavanagh for the deposition. Counsel also reiterated that taking the deposition in Boston would pose a hardship and requested that the deposition take place in New York on one of the proposed September dates. Plaintiff's counsel stated that he would consider taking the deposition in New York and would get back to defendant's counsel with respect to the selection of one of the September dates.

3. On September 7, 2004 the parties were sent a notice by the Court of a mediation scheduled for October 7th with Magistrate Bowler.

4. Plaintiff's counsel did not communicate with defendant's counsel until September 21st. On that date he called defendant's counsel, stated that he was not available to take Mrs. Kavanagh's deposition in September, (which would have been impossible at that point anyway given the schedules of Mrs. Kavanaugh and her counsel), and asked counsel to provide some new dates. Plaintiff's counsel did not say anything about taking the deposition prior to the October 7th mediation. He agreed to take the deposition in New York.

5. On September 29th plaintiff's counsel sent an email to defendant's counsel seeking the new potential deposition dates. Defendant's counsel responded with a letter,

provided at Attachment B, proposing deposition dates of October 26, 27 or November 3, 9, 10, 16 or 17 in New York.

6. On September 30, 2004 the defendant served a notice of deposition for October 6th in Boston.

7. Mrs. Kavanagh will attend the mediation. She has made plans to drive to Boston the afternoon of October 6th. As detailed in an affidavit provided at Attachment C, Mrs. Kavanagh's absence from the business poses significant problems. She is critical to the day to day business operations. Her schedule, and the schedules of counsel and of her New York counsel, makes it impossible for her to be prepared for a deposition on such short notice.

8. Between August 12th and September 21st the plaintiff did absolutely nothing to take Mrs. Kavanagh's deposition on the dates that she and her counsel had cleared. Suddenly, at the very end of September, the plaintiff decided that it wished to take the deposition prior to the mediation. Providing a notice on Thursday, September 29th to take the deposition in Boston on Wednesday October 6th -- with only two business days between the service of the notice and the date of the deposition -- is unreasonable.

9. The taking of a deposition in Boston would pose a hardship upon Mrs. Kavanagh. The Court should require that the deposition take place in New York. Virtually all witnesses that know anything about this case are in the New York area. The defendant has delayed moving for a change of venue to see if the scheduled mediation might resolve the case.

## CONCLUSION

For the foregoing reasons, the Court should grant the defendant's motion for a protective order barring the plaintiff from conducting a deposition on October 6, 2004, and further ordering that the deposition of Dianne Kavanaugh take place in New York no earlier than October 26, 2004.

Register & Grille Mfg.
By its Attorney,

Keith Halpern
BBO# 545282
4 Longfellow Place, 37th Floor
Boston, MA 02114
(617) 722-9952

Certificate of Service
I hereby certify that I have this date served the above by causing a true copy thereof to be mailed by first class postage prepaid mail and email (without attachments) to all counsel of record.

10/1/04
Dated

Keith Halpern

# ATTACHMENT A

# Keith Halpern
Attorney at Law

4 Longfellow Place
37th Floor
Boston, Massachusetts 02114-2838

Tel: (617) 722-9952
Fax: (617) 742-5761
ksh@keithhalpern.com

August 10, 2004

FAX: (617) 227-8594
Louis Movitz, Esq.
Packer and Movitz, P.C.
11 Beacon Street, Suite 615
Boston, MA 02108

Re:  Packer v. Register & Grille

Dear Mr. Movitz:

I am in the process of putting together a list of individuals who may have relevant knowledge and a statement concerning a computation of damages. Documents relevant to the damages – both to the Counterclaim and to your client's failure to credit R & G with amounts paid – were provided in the package delivered to you last week.

There is no available insurance.

Possible deposition dates, assuming that the deposition will be held in New York, include September 8, 21, 22, 28 and 29. It would be preferable for it not to be the 8th.

Yours very truly,

*K. Halpern* csr

Keith Halpern

KSH/csr
\Movitz L4\

# ATTACHMENT B

# Keith Halpern
Attorney at Law

4 Longfellow Place  
37th Floor  
Boston, Massachusetts 02114-2838

Tel: (617) 722-9952  
Fax: (617) 742-5761  
ksh@keithhalpern.com

September 29, 2004

Louis Movitz, Esq.  
Packer and Movitz, P.C.  
11 Beacon Street, Suite 615  
Boston, MA 02108

Re: Packer v. Register & Grille

Dear Mr. Movitz:

On August 10th I sent you a letter proposing a number of possible deposition dates for Dianne Kavanaugh in New York. The dates included September 8, 21, 22, 28 and 29. I never heard back from you with respect to the selection of a date until September 21st, at which point you told me that you were not available for the remaining September dates, (which at that late date were no longer an option anyway), and asked me to provide a new set of dates. I have been in the process of getting you some dates. Given your failure to move forward with the deposition in September, I did not appreciate your sudden sense of urgency.

You agreed to take the deposition in New York. I will oppose any change in this and will seek a protective order if necessary.

Mediation is only a week away. I do not think it makes sense to expend the time and money in preparing for a deposition and taking it if there is a real possibility that the case may be resolved. Scheduling a deposition a week or so in advance is not an option. Neither my schedule nor Attorney McCarthy's schedule permits this. At this point Mrs. Kavanaugh's schedule leaves her unavailable to prepare for a deposition until mid-October. We are entitled to sufficient notice to arrange our schedules and provide sufficient time for preparation.

Mrs. Kavanaugh is available to be deposed in New York on October 26 or 27 and November 3, 9, 10, 16 or 17. These dates will not remain open indefinitely. I suggest that you select a date as soon as possible.

Yours very truly,

Keith Halpern

KSH/csr

# ATTACHMENT C

United States District Court
District of Massachusetts

| | |
|---|---|
| ESTATE OF ARCHIE PACKER, deceased, <br><br> PLAINTIFF, <br><br> vs. <br><br> REGISTER & GRILLE MANUFACTURING CO., INC., <br><br><br> DEFENDANT. | Docket no.: 04-10600 PBS <br><br> Certification of Dianne Kavanagh, President of Defendant, Register & Grille Manufacturing Company, Inc., Submitted In Support of Register & Grille's Motion For a Protective |

State of New York
County of Kings

Dianne Kavanagh, of full age and under no disability certifies under penalties of perjury:

1. I am the president of the defendant, Register & Grille Manufacturing Co., Inc., a New York corporation, whose sole office and place of business is at 202 Norman Avenue, Brooklyn, NY.

2. I am familiar with the facts in this case.

3. I offer this certification in support of our application for a protective order denying the plaintiff the right to depose me in Boston on October 6, 2004.

4. Register & Grille is a small manufacturing company which including myself employs thirteen full time employees, twelve of whom work at our plant in Brooklyn. We manufacture and sell high-end custom-made grilles and registers. These are the sort of vent covers you see installed in larger commercial and government buildings covering heating, ventilating, and air-conditioning ceiling, floor and wall vents.

1

5 We obtain our customers primarily from advertising. Customers, in turn, call me at our office to discuss possible orders and quotes.

6 There are only two officers, myself and my brother Perry LeRoy. He has moved to South Carolina. There he is available to me by phone and fax. He and I give quotes to customers

7 I am the only one at Register who discusses further – after initial quotes are given – the proposals for jobs with existing customers or with prospective customers. I am essentially the only one who negotiates contracts, enters the contracts for Register, or effects changes to any of our contracts. I handle all the shipping, deliveries and payroll.

8 I am now 65 years old. I do not fly. It generally disrupts our business if I have to be away from the plant. As it is, I live a distance from the plant and generally am on the road more than four hours daily commuting to and from work.

9 Back in early August I rearranged our schedule to clear prospective dates – through the end of September – so I could be available for a deposition in New York. I understand that plaintiff's counsel never contacted my counsel to set up my deposition on any of the dates I proposed nor to suggest alternate dates for my deposition. In fact, I understand that the plaintiff let six weeks transpire – until Sept. 21, 2004 - without ever contacting my counsel.

10. As I was closing the plant yesterday, September 30, 2004, my counsel advised me that the plaintiff's counsel had that day noticed my deposition for October 6, 2004 in Boston.

11. Three business days' notice is unreasonably short. Coming to Boston for a deposition will create further problems in operating our business.

12. I pay my employees every Friday. Nine of our workers are hourly factory employees; so each week's payroll is different. I had to be in today to pay them and to attend to particular shipments that I had specifically promised customers I would complete today, October 1, 2004.

13. I had made weekend plans to be with my cousin and my daughter who is coming to visit me. I cannot prepare for a deposition this weekend.

14. On Monday, October 4, 2004, and Tuesday, October 5, 2002, I am already committed to be in the plant to make specific shipments I promised customers for those days. I also have to be at the plant on those days as I already made arrangements to be absent Wednesday afternoon, October 6, 2004, and all day Thursday, October 7, 2004 so I could attend the mediation in Boston. As I have said, no one else can take orders, schedule the manufacturing work when we are at capacity — as we are at present - or negotiate or change contracts with our customers. No one else will be available to run the business then. I am it.

15. At no time between now and the mediation on October 7, 2004, would I be able to confer with my attorney to prepare for a deposition.

16  On Wednesday, October 6, 2004, as I have arranged my schedule, I will leave from the office in Brooklyn in the afternoon and drive to Boston so I will be rested for the mediation the following day in Massachusetts. I have known the plaintiff, Mrs. Rhoda Packer, for years and I have a sense that we will able to resolve this matter together at the mediation.

17  I believe the principles have better chance at resolving this matter. I am not sure that plaintiff's counsel is acting reasonably in asking for my deposition before the mediation. Here are my reasons for saying this:

18  I understand that at the scheduling conference, plaintiff's counsel stated to the Court that no one on their side knew anything about the case. Based on that representation, the Court reasoned that I was the only person who knew anything and concluded that I should be deposed quickly in an effort to resolve the case quickly. Counsel's position stands contradicted by its Rule 26 submission. There, counsel identified Rhoda Packer as a person with knowledge about the details of the transactions and the plaintiff's business.

19  Seemingly, if we cannot settle this case at the mediation, counsel knows that we will then have to conduct at least two depositions – mine and Rhoda Packer's- before we can again consider resolution of the case. [The extra expense and effort expended there would make settlement less likely.] This rush to depose me is not necessary and has the effect of distressing me.

20 Having to go to Boston again – for a deposition for which I had already rearranged my schedule so as to be available in New York to testify – will further unnecessarily disrupt Register's business.

21 I have already been subjected to what I believe was an unreasonable rush earlier in this case. My mother died suddenly just before my answer to the complaint was due. My local counsel, Thomas McCarthy, Esq. A New York lawyer, called plaintiff's counsel to request – under the extraordinary circumstances - a short extension for me to arrange a response to the complaint. Counsel told him they would offer the courtesy of an extension only if I agreed to waive my right to bring my counterclaim.

22 In any event, I cannot operate my business these next three business days and at the same time prepare for what I feel is an unnecessarily hurried deposition in Boston.

23 Wherefore, I respectfully ask that this Court strike the notice for my deposition scheduled for October 6, 2004 in Boston and direct that my deposition take place in New York, together with costs and such further relief deemed just.

24 I have read and understand the foregoing statements made by me. I swear that they are true. I know that if any are willfully false, I may be subject to penalties for perjury.

Dated: Oct. 1, 2004

_____
Dianne Kavanagh, President of Register & Grille Manufacturing Company, Inc.